UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.               CASE NO.: 19-20163-CR-SMITH(s)

JASON GATLIN,

     Defendant.

_____/

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ADMISSIBILITY OF BODY CAMERA FOOTAGE
## OF DEPUTY JUSTIN RIVAS

COMES NOW the Defendant JASON GATLIN by and through his undersigned counsel and pursuant to this Court's request and hereby files this memorandum of law in support of the admissibility of the body camera footage of Monroe County Sheriff Deputy Justin Rivas and in support thereof states as follows:

Mr. Gatlin has been charged with one count of violating 18 U.S.C. §1591(a)(1), (b)(1), (b)(2) and (c). He is also charged in the superseding indictment (DE #29) with one count of production of child pornography in violation of 18 U.S.C. §2251(a) and (e) and well as one count of tampering with a witness in violation of 18 U.S.C. §1512(b)(3). Trial in this matter commenced on September 5, 2019.

On late in the afternoon of September 6, 2019 the government called as a witness Monroe County Sheriff Deputy Justin Rivas. Officer Rivas was assigned to the Islamorada, Florida division of the Monroe County Sheriffs Office and appears to have been the second police officer on the scene responding to a 911 call from a convenience store at MM74 in Lower Matacumbe Key.

Upon arrival, Officer Rivas activated his body camera footage and recorded his encounter and questioning with the alleged victim.  Rather than introduce the entire video of the encounter, the government introduced Exhibits 3A-E which are simply still photos that were strategically extracted from the video itself.  The defendant wished to introduce as a defense exhibit the entire body camera footage that was taken by Officer Rivas as defense Exhibit-1.  The government objected to the introduction of the entire body camera video.  This court reserved ruling as to the admissibility of the entire body camera video and requested the submission of a memorandum of law as to its admissibility.

### Memorandum of Law

Since the government has offered and the court admitted GX-3A-E which was the still photographs that the government obtained from Deputy Rivas' police body camera footage, it is the position of the defendant that pursuant to Rule 106 of the Federal Rule of Evidence otherwise known as the rule of completeness, the entire body camera footage should be admitted into evidence.

Under the common-law "rule of completeness," the party "against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Beech Aircraft Corp. v.  Rainey*, 488 U.S. 153, 171, 109 S. Ct. 439, 451 (1988)  The rule of completeness is partially codified in Federal Rule of Evidence 106. Id. at 171–72, 109 S. Ct. at 451. It provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded

statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

The rule of completeness provides that when "a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. The rule of completeness does not automatically make the entire document admissible. See *United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011). Rather, "the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Ramirez*, 658 Fed. Appx.949, 953 (11th Cir. 2016)

In *Ramirez*, the defendant appealed from a prosecutorial decision to show photographs of portions of text messages.  While the defendant objected to the introduction of the portion of the text messages, the district court allowed the defendant to introduce any evidence that would give the conversation context but unlike the defendant here, the defendant in Ramirez chose not to.  Mr. Gatlin wishes to exercise that option and right.

Rule 106 does not apply to oral statements. See Fed. R. Evid. 106 advisory committee's notes ("[T]he rule is limited to writings and recorded statements and does not apply to conversations."). However, the Eleventh Circuit has extended the fairness standard in Rule 106 to oral statements "in light of Rule 611(a)'s requirement that the district court exercise 'reasonable control' over witness interrogation and the presentation of evidence to make them effective vehicles 'for the ascertainment of

truth.' " *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir.2005) (quoting Fed. R. Evid. 611(a)) (citing *United States v. Range*, 94 F.3d 614, 620–21 (11th Cir.1996)). Accordingly, the rule of completeness applies to written statements via Rule 106, and to oral statements through Rule 611(a).  See *United States v. Pacquette*, 557 Fed. Appx. 933, 936 (11th Cir. 2014)

Therefore, the key to the admissibility under Rule 106 is whether the admission of the body camera footage will assist the trier of fact in the ascertainment of the truth.  There is good reason that the government does not want the jury to view the video of the encounter between Deputy Rivas and the alleged victim.  The victim lies to the deputy throughout the encounter.  In addition, she does not exhibit any signs of someone who has been held hostage and having just been rescued.  The answers of the alleged victim as well as her demeanor and present sense impressions of supposedly having been rescued are highly probative and relevant to the jury's fact finding duties.

It is the government that chose to admit still photographs that are out of context with the contents of the body camera video taken by Deputy Rivas.  What the government seeks to do is to hide this highly relevant evidence from the fact finder. The admission of only the five still photographs takes the November 30.  2018 events at the convenience store out of context.

During the argument made at sidebar, the government also contended that the court should engage in a Fed. R. Evid. 403 analysis of the admissibility of the body camera footage and find that any probative value of that footage is outweighed by its prejudicial value.  Initially, it is the contention of the defendant that no such analysis

is necessary since the government "opened the door" to the admissibility of the body camera footage but seeking and securing the admission of the still photographs from the body camera footage.

In *United States v. Dalton*, 918 F.3d 1117, 1131-2 (10th Cir. 2019), the appellate court used Fed. R. Evid. 403 analysis regarding the admission of police body camera footage and found that the admission of the police body camera footage was not prejudicial to the defendant.

In *Dalton*, two police officers arrived at the Kenlea house six minutes after the neighbor called 911. The neighbor told them that she heard gun shots coming from the direction of the Kenlea house.  Officer Kim Northcutt, one of the officers on-site, recorded almost everything that happened outside the Kenlea house that day using his body-worn camera.

The appellate court considered whether the district court abused its discretion under Rule 403 by allowing the government to show the jury twenty minutes of an hour-long videotape of the events leading up to Dalton's arrest or by admitting the entire hour-long video into evidence. Although it showed six or more officers and multiple vehicles on site, including at one point an armored S. W. A. T. vehicle, the appellate court also reviewed the video and did not find sufficient prejudice that we would conclude the district court abused its discretion in ruling that the probative value was not significantly outweighed by prejudice. *United States v. Tome*, 61 F.3d 1446, 1459 (10th Cir. 1995). Therefore, the decision of the district court was affirmed.

Therefore, this court should permit the admissibility of the entire police body camera of Deputy Rivas.

WHEREFORE the defendant JASON GATLIN respectfully requests that this court admitted Defendant's Exhibit #1 - the November 30, 2019 body camera video of Deputy Rivas.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 8th day of September 2019.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Counsel for Defendant GATLIN
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*

***/s/ Philip R. Horowitz, Esquire***
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557